IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>vs.<br><br>MALCO ENTERPRISES OF NEVADA, INC. dba BUDGET RENT A CAR; ARMSTRONG MOVING & STORAGE; DOVE MOVING AND STORAGE; JACK RUGGLES; PATRICK MCNAMARA; HENRY SHANKLAND DOES 1-5,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING BOTH PARTIES' SUMMARY JUDGMENT MOTIONS<br><br><br>Case No. 2:10-CV-588 TS |

This matter is before the Court on Plaintiff Lancer Insurance Company's Motion for Summary Judgment Against Defendant Malco Enterprises of Nevada, Inc. on Count II of Second Amended Complaint;[1] Defendant Malco Enterprises of Nevada Inc.'s ("Malco") Cross Motion

---

[1]Docket No. 29.

1

for Summary Judgment;[2] and Malco's Rule 56(d) Motion for Additional Discovery.[3] For the reasons provided more fully below, the Court will deny the parties' motions.

## I.  BACKGROUND

Plaintiff Lancer Insurance Company is an Illinois corporation with its principal place of business in New York. Plaintiff does business in the state of Utah. Defendant Malco is a Nevada corporation with its principal place of business in Nevada. Malco does business under the trade name Budget Rent A Car. All other defendants named in this matter are citizens of Nevada.

The parties are largely in agreement as to the underlying facts giving rise to the instant controversy.[4] On July 9, 2008, Juan Herrera was driving a tractor-trailer insured by Plaintiff southbound on Interstate 15, near St. George, Utah. Meanwhile, Henry Shankland—an employee of Defendant Armstrong Moving and Storage ("Armstrong") and/or Dove Moving and Storage—was driving a moving truck rented from Malco along the same stretch of freeway.

According to Mr. Herrera, while he was traveling south bound he was rear-ended by Mr. Shankland. As a result of the accident, Mr. Herrera and a passenger, Ruth Martinez, both made claims for personal injury against Plaintiff under the uninsured motorist coverage applicable to

---

[2]Docket No. 32.

[3]Docket No. 49.

[4]In its Opposition to Plaintiff's Motion for Summary Judgment, Malco indicates that "[f]or purposes of this motion, Malco will accept the facts stated by [P]laintiff with the exception of paragraphs 2 and 3 in which [P]laintiff attempts to take on the roll of the fact finder and allocate fault." Docket No. 33, at 2. Malco provides no evidence to dispute Plaintiff's statement of facts.

the tractor-trailer.  Plaintiff settled with Mr. Herrera and Ms. Martinez for $22,400 each, $44,800 total.  Additionally, Plaintiff paid $33,204.12 in settlement of property damages caused by the accident.

At the time of the accident, Malco was self-insured under Nevada law.  This self insurance includes liability coverage in the amount of $15,000 for any one person injured or killed, $30,000 for any number more than one injured or killed in any one accident, and property damage in the amount of $10,000 for one accident.  In addition, when Malco leased the moving truck in question to Armstrong, it did so pursuant to the understanding that Armstrong had an insurance policy covering Malco's truck.

Plaintiff agrees that at the time of the accident Armstrong had a third-party insurance policy through Progressive Insurance.  This is the same policy Malco alleges should provide coverage in this matter.  However, Plaintiff has provided evidence that Progressive Insurance denied coverage because, among other things, neither Malco's truck nor Mr. Shankland were listed on the policy.

Plaintiff has brought the following causes of action: (1) negligence against the moving companies (Armstrong and Dove Moving and Storage) and Mr. Shankland; (2) liability against Malco as a self-insured party; and (3) equitable indemnification against all Defendants.  In sum, Plaintiff seeks reimbursement for the amounts it was required to pay-out under the uninsured motorist clause of its policy on the tractor-trailer.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5]  In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[6]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

## III.  DISCUSSION

Through its Motion, Plaintiff seeks summary judgment against Malco on its second cause of action for liability as a self-insured party.  In response, Malco filed a cross motion for summary judgment.  Subsequently, Malco filed its Motion for Supplemental Discovery under Rule 56(d).  The Court will consider each motion in turn, beginning with Malco's Cross Motion for Summary Judgment.

A.   MALCO'S CROSS MOTION

Malco argues that under the Graves Amendment and applicable Nevada law it cannot, as a matter of law, be liable where it was not negligent and did not engage in criminal wrongdoing.

---

[5] FED. R. CIV. P. 56(a).

[6] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

Under the Graves Amendment, an owner of a motor vehicle that rents or leases the vehicle to another person "shall not be liable under the law of any State . . . for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of rental or lease" if the owner is engaged in the business of renting vehicles and there is no negligence or criminal wrongdoing on the part of the owner.[8]  The Graves Amendment further provides that:

> Nothing in this section supersedes the law of any State . . . imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or [] imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.[9]

Plaintiff asserts that the Graves Amendment is inapplicable because it is seeking recovery under Nevada's financial responsibility law.[10]  Defendant contends that under applicable Nevada law the case against it should be dismissed.  The parties dispute the proper application of Nevada Revised Statutes § 482.305.  That section provides, in pertinent part:

> When any suit or action is brought against the short-term lessor under this section, the judge before whom the case is pending shall hold a preliminary hearing in the absence of the jury to determine whether the short-term lessor has provided insurance or a surety bond or deposit of cash or securities covering the short-term lessee as required by subsection 1.  Whenever it appears that the short-term lessor has provided insurance or a surety bond or deposit of cash or securities covering

---

[8] 49 U.S.C. § 30106(a).

[9] *Id*. § 30106(b).

[10] Both parties assume that Nevada law applies to this dispute.  Without reaching the propriety of such an assumption, the Court will proceed with consideration of these motions by applying Nevada law.

> the short-term lessee in the required amount, the judge shall dismiss as to the short-term lessor the action brought under this section.

Subsection 1 requires that a short term lessor of a motor vehicle comply with NRS § 482.295 by

> insuring or otherwise covering the short-term lessee against liability arising out of his or her negligence in the operation of the rented vehicle in limits of not less than $15,000 for any one person injured or killed and $30,000 for any number more than one, injured or killed in any one accident, and against liability of the short-term lessee for property damage in the limit of not less than $10,000 for one accident.

Defendant's contention is that because it has demonstrated that it obtained a certificate of insurance from Armstrong—the lessee—and has complied with NRS § 482.295 it should be absolved of any liability or obligation to pay and the case against it should be dismissed.

In *Hall v. Enterprise Leasing Company–West*,[11] the Nevada Supreme Court addressed Defendant's contention based on a similarly situated defendant's parallel arguments.[12] The Nevada Supreme Court firmly rejected Malco's proposition.[13] The court provided the following analysis and application of the code sections disputed by the parties:

> NRS 482.295 requires short-term lessors to provide evidence of minimum coverage on rental vehicles as a condition of DMV registration. In turn, NRS 482.305 requires that the independent minimum coverage provided under NRS 482.295 must also cover short-term lessees in order for the lessor to avoid joint and several liability to the injured third-party claimant for damages caused by the

---

[11] 137 P.3d 1104 (Nev. 2006).

[12] *Id.* at 1107 ("It has been suggested in this matter . . . that the existence of minimum insurance provided by the lessee should absolve the lessor of any liability or obligation to pay under the coverage it has obtained in compliance with NRS 482.305. This view is grounded in the public policy considerations behind NRS 482.305: that short-term lessors must simply ensure that minimum coverage from some source is in place to comply with the statute. We reject that proposition.").

[13] *See id.*

lessee. Thus, NRS 482.305 implicitly requires that the short-term lessor independently provide minimum "insurance" or "coverage" to indemnify the short-term lessee for his or her liabilities to third parties injured by the short-term lessee's negligence.[14]

The *Hall* court further noted that "these coverages stand as independent sources of public protection against the use of short-term rental vehicles."[15]

In sum, NRS 482.305 "mandates dismissal of actions against the short-term lessor when the lessor, not the lessee, provides proof that it has provided the required coverage (insurance, deposit, or bond)."[16] Here, Plaintiff's second cause of action seeks to ensure that Malco provide the required coverage under NRS 482.295. Therefore, the Court will deny Defendant's Cross Motion for Summary Judgment.

B.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Though not briefed by the parties, the Nevada Supreme Court's holding in *Hall* requires that this Court deny Plaintiff's Motion for Summary Judgment. As set out previously, Plaintiff seeks summary judgment on its second cause of action for liability against Malco as a self-insured party. This cause of action is premised on Plaintiff's allegation in its first cause of action

---

[14] *Id.*

[15] *Id.* at 1107-08.

[16] *Id.* at 1108. The *Hall* court further held that: "Nothing in NRS 482.305 requires the lessor to ensure that the lessee has his or her own insurance. Nothing in that provision necessarily excuses or releases the lessor's coverage when the lessee has sufficient coverage of his own; and nothing in the statute releases the short-term lessor's joint liability for failure to provide short-term rental insurance when the lessee is separately insured. In short, absent a legitimate waiver by the lessee, the statutory coverage remains in place—coverage for the lessee's liability to other drivers—regardless of the existence of separate coverage at the time of the rental transaction." *Id.*

that Plaintiff has incurred or will incur damages arising out of the negligent use and operation of the rental truck leased by Malco.[17]

In *Hall*, the Nevada Supreme Court held that "Nevada is not a 'direct action' state, but rather, allows actions by third-party tort claimants against third-party liability coverage providers only after a judgment against the tortfeasor has been obtained."[18] The *Hall* court reasoned that:

> Absent an independent ground for liability, i.e., agency liability, negligent entrustment, or some statutorily created liability, a Nevada motor vehicle owner is not per se vicariously liable in tort for the negligence of a permissive user. Thus, absent agency or negligent entrustment, [a lessor's] liability must arise from some statutory imperative, such as NRS 482.305(1), imposing joint and several liability in the event the lessor fails to provide the required minimum coverage.[19]

"Accordingly, the lessor's obligation to pay is conditioned solely upon the legal liability of the lessee to a third party for damages."[20] Therefore, Malco "is only obligated to pay benefits if the customer is liable; it is not itself directly liable in tort to persons injured by rental customers."[21]

In the instant case, Plaintiff has not alleged an independent ground for liability against Malco. Furthermore, Plaintiff has not moved for summary judgment, or otherwise obtained a judgment, against the "customers" of Malco. For this reason, the Court will deny Plaintiff's Motion for Summary Judgment.

---

[17] *See* Docket No. 20, at 6.

[18] *Hall*, 137 P.3d at 1109.

[19] *Id*. at 1108.

[20] *Id*. at 1108-09.

[21] *Id*. at 1109.

C.      RULE 56(d) MOTION

Through its Rule 56(d) Motion, Malco requests that, in the event this Court declines to grant its Cross Motion for Summary Judgment, it be allowed to conduct additional discovery before the Court considers Plaintiff's Motion for Summary Judgment.  Pursuant to the foregoing reasoning, the Court will deny Defendant's Cross Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment.  Therefore, the Court will deny Malco's Rule 56(d) Motion as moot.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Malco Enterprises of Nevada, Inc. on Count II of Second Amended Complaint (Docket No. 29) is DENIED.  It is further

ORDERED that Malco's Cross Motion for Summary Judgment (Docket No. 32) is DENIED.  It is further

ORDERED that Malco's Rule 56(d) Motion for Additional Discovery (Docket No. 49) is DENIED AS MOOT.  The hearing currently set in this matter for March 20, 2012, at 3:00 pm is hereby STRICKEN.

DATED   March 9, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

9