IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>MALCO ENTERPRISES OF NEVADA, INC. dba BUDGET RENT A CAR; ARMSTRONG MOVING & STORAGE; DOVE MOVING AND STORAGE; JACK RUGGLES; PATRICK MCNAMARA; HENRY SHANKLAND; and DOES 1-5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS TO RECONSIDER<br><br><br><br>Case No. 2:10-CV-588 TS |

This matter is before the Court on Plaintiff Lancer Insurance Company's ("Lancer") Motion for Reconsideration of Memorandum Decision on Summary Judgment[1] and Defendant Malco Enterprises of Nevada, Inc.'s ("Malco") Motion for Reconsideration.[2] For the reasons discussed more fully below, the Court will grant Lancer's Motion and deny Malco's Motion.

---

[1] Docket No. 56.

[2] Docket No. 58.

1

I. BACKGROUND

Lancer is an insurance company. Malco is a short-term lessor of motor vehicles that operates under the trade name Budget Rent A Car. Lancer brought this action to obtain reimbursement for amounts it was required to pay under the uninsured motorist clause of a policy on a tractor trailer that was rear ended by a moving truck owned by Malco.

In a prior Memorandum Decision and Order ("Memorandum Decision"),[3] the Court denied cross motions for summary judgment on Lancer's second cause of action of its Amended Complaint—which seeks to impose liability against Malco as a self-insured party. After the filing of its motion for summary judgment, Lancer obtained default judgment on the remaining claims of its Amended Complaint against the moving company that leased the moving truck from Malco and the driver of the moving truck.[4]

The underlying facts giving rise to the instant controversy are set out in this Court's Memorandum Decision and will not be repeated in this Order.

II. STANDARD OF REVIEW

"[E]very order short of a final decree is subject to reopening at the discretion of the district judge."[5] Federal Rule of Civil Procedure 54(b) expressly allows for revision of an interlocutory order before entry of final judgment. Rule 54(b) provides, in pertinent part that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

---

[3]Docket No. 55.

[4]*See* Docket Nos. 46, 47.

[5]*Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks and citation omitted).

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

This inherent power to review is informed by the long-standing rule that an issue decided should remain decided. However, this "rule is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power."[6] "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."[7]

### III.  DISCUSSION

Lancer and Malco move this Court to reconsider its prior denial of their respective motions for summary judgment.[8] The Court will address each of the parties' arguments for reconsideration individually.

A.  MALCO'S MOTION

Malco asserts that reconsideration of this Court's Memorandum Decision is proper "because (1) [Lancer] has sought reconsideration and thereby already opened the door for

---

[6]*Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir. 2007).

[7]*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (citing *Furhman v. U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973), *cert. denied*, 414 U.S. 859 (1973)).

[8]*See* Docket No. 55.

revisiting these issues; and (2) the court's opinion is based on concepts in *Hall v. Enterprise Leasing Company-West*[9] . . . which neither party was able to brief or address."[10]

Malco's Motion does not cite any new evidence or subsequent, contradictory controlling authority. Rather, Malco complains of its inability to fully brief *Hall*, a case that was available to the parties prior to this Court's Memorandum Decision, and that Malco cited and discussed previously in its memorandum in support of its motion for summary judgment.[11] Thus, Malco's only grounds for reconsideration is that this Court's interpretation of *Hall* was clearly erroneous.

Malco's interpretation of *Hall* is no more availing in this circumstance than on Malco's motion for summary judgment. For this reason, the Court finds that its interpretation of *Hall* was not clearly erroneous and will, therefore, deny Malco's Motion for Reconsideration.

B.   LANCER'S MOTION

Lancer requests that the Court reconsider its Memorandum Decision because in denying Lancer summary judgment, the Court relied on the fact that Lancer had not obtained a judgment against the "customers" of Malco.[12] Lancer now recognizes that Nevada is not a direct action state and that any recovery against Malco must stem from the liability of its insureds. Since the filing of its motion for summary judgment, Lancer has obtained judgments against Malco's

---

[9]137 P.3d 1104 (Nev. 2006).

[10]Docket No. 58, at 1-2.

[11]*See* Docket No. 33, at 4-5.

[12]*See* Docket No. 55, at 8 (quoting *Hall*, 137 P.3d at 1109) ("'Nevada is not a direct action state, but rather, allows actions by third-party tort claimants against third-party liability coverage providers only after a judgment against the tortfeasor has been obtained.'").

customers.[13] Thus, "Lancer respectfully requests that the Court reconsider its Memorandum Decision in light of the fact that Lancer has obtained judgments against the appropriate parties."[14]

Lancer's presentation of "new evidence" demonstrating liability of Malco's customers merits reconsideration of this Court's prior denial of Lancer's motion for summary judgment. Because Lancer has obtained judgments against the "customers" of Malco, the Court will grant summary judgment against Malco as a third-party liability coverage provider on Lancer's second cause of action of its Amended Complaint. Malco is therefore liable as a matter of law for its $40,000 policy limit as a self insured short-term lessor under Nevada law.[15]

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff Lancer Insurance Company's Motion for Reconsideration of Memorandum Decision on Summary Judgment (Docket No. 56) is GRANTED. It is further

ORDERED that Defendant Malco Enterprises of Nevada, Inc.'s Motion for Reconsideration (Docket No. 58) is DENIED. The Clerk of Court is instructed to enter judgment against Defendant Malco Enterprises of Nevada, Inc. and in favor of Plaintiff Lancer Insurance Co., in the amount of $40,000.

---

[13] *See* Docket No. 47.

[14] Docket No. 57, at 2.

[15] *See Hall*, 137 P.3d at 1108-09.

DATED   July 13, 2012.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge